# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**DENNIS HARDIN,**  )
 )
       Petitioner, )
 )
v. ) **Case No. CIV 06-379-FHS**
 )
**JUSTIN JONES, Warden,** )
 )
       Respondent. )

## ORDER

This matter is before the court on respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus as time barred. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his 2003 conviction and sentence in Pontotoc County District Court Case Nos CRF- 2003-94 for Lewd Molestation.

The respondent alleges the petition was filed beyond the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The record shows petitioner pleaded nolo contendere to Lewd Molestation, and his Judgment and Sentence was entered on August 19, 2003. He was sentenced to 20 years imprisonment, with ten years suspended. Petitioner did not move to withdraw his guilty plea or file a direct appeal, making his conviction final on September 8, 2003. Thus, for purposes of the one year habeas statute of limitation, petitioner's statutory year began to run on September 8, 2003, and expired on September 8, 2004. On January 25, 2006, petitioner filed an application for post-conviction relief in the state district court, which

denied his application on February 14, 2006. On June 22, 2006, the Oklahoma Court of Criminal appeals affirmed the denial of petitioner's application for post-conviction relief. However, because petitioner's application for post-conviction relief was filed well after the statutory year to file a timely habeas petition had expired, he was not entitled to tolling during the pendency of the post-conviction proceeding. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(holding that a collateral petition filed in state court after the statute of limitations period has lapsed cannot toll the one year statute of limitations period for purposes of habeas review). Therefore by the time petitioner filed the first habeas petition on July 10, 2006, he was 666 days or approximately one year and ten months outside the statutory year for filing a timely habeas petition. On October 3, 2006, respondent filed a motion to dismiss petitioner's petition as time barred. On November 6, 2006, petitioner filed an amended petition which added a new claim. On May 9, 2007, respondent filed a motion to dismiss Petitioner's amended petition. After reviewing the record, this court finds petitioner's petition and amended petition were filed outside of the one year limitation period.

Petitioner contends he was unaware of his illegal sentence until 2006 and because of that this court should apply equitable tolling. Equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied,, 526 U.S. 1074 (1999) (AEDPA's one-year limitation period will be equitably tolled only "in rare and exceptional circumstances."); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has "in some extraordinary way" been

prevented from asserting his rights). "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted), cert. denied, 531 U.S. 1194 (2001). *See also* United States v. Reed, 114 F.3d 1053, 1057 (10th Cir.), cert. denied, 522 U.S. 922 (1997). The court finds petitioner has failed to provide grounds for equitable tolling. Petitioner makes bald allegations that once he determined there was a problem he diligently pursued his case. However, petitioner has no facts to substantiate this claim.

The court finds the petitioner's petition was filed outside of the one year statute of limitation and that equitable tolling does not apply**. ACCORDINGLY,** respondent's motion to dismiss petitioner's amended petition is **GRANTED**, and this action is **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 24th day of September 2007.

Frank H. Seay
United States District Judge